United States District Court
Southern District of Texas
**ENTERED**
March 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDGAR MANUEL BARRIENTOS, § | |
| Petitioner, § | |
| § | |
| v.   § | CIVIL ACTION NO: H-15-2285 |
| § | |
| WILLIAM STEPHENS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Edgar Manuel Barrientos's petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 7). Respondent has moved for summary judgment (Dkt. 12). The court recommends Barrientos's petition be denied with prejudice.

## Background

Barrientos is currently in the custody of the Texas Department of Criminal Justice serving a 7-year sentence for aggravated sexual assault. It is not necessary to recite the procedural history of his appeal and state habeas proceedings because he is challenging a disciplinary proceeding, not his conviction.

Barrientos was charged with the damage or destruction of state property. He was found guilty and assessed punishment of 45 days of lost recreation and commissary privileges; 45 days of suspension of Offender Telephone System privileges; suspension of

contact visitation privileges through January 16, 2015; reduction in class from S4 to L2; loss of 30 days good time credit; and $3,013.00 assessed damages.[1]

**Analysis**

A prisoner is entitled to federal habeas relief only when he has been deprived of some right secured by the United States Constitution or federal law. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). However, prisoners do not lose all constitutional rights when they are incarcerated. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). While the Supreme Court explained in *Sandin* that states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484.

A prisoner cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000). A change in good time earning classification will not "inevitably" affect the duration of a prisoner's sentence and thus does not give rise to a claim for federal habeas relief. *Malchi*, 211 F.3d at 959; *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *Sandin*, 515 U.S. at 487. Loss of privileges and cell

---

[1] *See* Dkt. 13-2 at 3. The court notes that Barrientos pled guilty and confessed to the charge. *Id.* at 3-5.

restrictions are not atypical of the hardships that commonly occur in prison life. *See Malchi*, 211 F.3d at 958 ("Clearly, . . . thirty day loss of commissary privileges and cell restriction do not implicate due process concerns"). Therefore, Barrientos cannot state a claim based on his punishment of lost recreation, commissary, telephone, and visitation privileges, or his change in line status.

There is no constitutional expectancy of parole in Texas because it is a discretionary act. *Malchi*, 211 F.3d at 957. To the extent that Barrientos alleges that his disciplinary conviction will impact his parole, he cannot state a claim for relief. Texas's mandatory supervision scheme, "with its narrowly limited modicum of discretion," does create a protected liberty interest in previously earned good time credits. *Teague*, 482 F.3d at 776. However, Barrientos is not eligible for release on mandatory supervision under the statutes in effect at the time he committed the offense for which he was convicted, an aggravated sexual assault on May 18, 2010. TEX. GOV'T CODE § 508.149(a)(8); TEX. PENAL CODE § 22.021. Therefore, Barrientos cannot state a claim for relief based on lost good time credits.

Finally, the assessment of damages does not affect the fact or duration of Barrientos's sentence and therefore is not the basis for federal habeas review. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A claim for damages is more properly brought as a civil rights complaint under 42 U.S.C. § 1983. *Carson*, 112 F.3d at 820-21.

**Conclusion**

Barrientos cannot state a claim for federal habeas relief based on alleged constitutional defects in his disciplinary proceedings. Therefore, the court recommends that Barrientos's petition be denied with prejudice.

The court further finds that Barrientos has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on March 28, 2016.

Stephen Wm Smith
United States Magistrate Judge